IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ZAPATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 2:19-cv-02800-JTF-dkv |
| | ) |
| v. | ) |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE (ECF NO. 1),
DENYING LEAVE TO AMEND THE COMPLAINT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*,
AND
NOTIFYING PLAINTIFF OF STRIKE ASSESSMENT UNDER 28 U.S.C. § 1915(g)**

On November 19, 2019, Plaintiff Guillermo Zapata, booking number 18117497, who is incarcerated at the Shelby County Criminal Justice Center ("Jail"), in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On January 16, 2020, the Court granted Zapata leave to proceed *in forma pauperis* and assessed the $350 filing fee. (ECF No. 6.)

Zapata sues the State of Tennessee and District Attorney Amy Weinrich regarding certain criminal charges against him. (ECF No. 1 at PageID 2 & 4-5.)

I.     **LEGAL STANDARDS**

    A.     **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in

2

his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

    **B.**    <u>**Requirements To State A Claim Under 42 U.S.C. § 1983**</u>

Zapata filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**III.**    <u>**ANALYSIS**</u>

Zapata states that he was indicted on September 13, 2012 (Indictment) for charges of child rape and aggravated battery, which the victim's family had reported to police in either 2010 or 2011 (the Charges). He argues that he did not receive notice of the Indictment until an ordinary traffic stop on August 11, 2018. (ECF No. 1 at PageID 2 & 4-5; ECF No. 1-3 at PageID 7.) On or about October 30, 2018, Zapata's counsel moved to dismiss the Indictment for violation of his right to due process and speedy trial. (ECF No. 1-3 at PageID 7-9 ("The six year delay in serving the capias or notifying Defendant … severely prejudiced Defendant in that memories of witnesses have faded, witnesses have become unavailable, and evidence has been lost").) His November 4, 2019 trial date was adjourned for courtroom technology issues. (ECF No. 1 at PageID 4.) The complaint before this Court seeks: the Charges' dismissal and expungement; compensatory damages; and "physical and psychological … pain and suffering" damages. (*Id*. at PageID 3.)

### A. Plaintiff Fails To State A Claim Against The State Of Tennessee

Zapata does not state a valid claim against the State of Tennessee. A suit against a state agency or an individual in his official capacity is a suit against the state itself. *See Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Zapata's claims against Tennessee fail to state a claim for relief.

### B. Plaintiff Fails To State A Claim Against Weinrich

The complaint does not specify any particular conduct by Weinrich beyond the Indictment. (*See* ECF No. 1 at PageID 2 ("I was indicted by Amy Weinrich").) The Motion to Dismiss appended as an exhibit to the complaint argues that Weinrich intentionally failed to timely indict and notify Zapata in order "to gain a tactical advantage … or [as a result of] bureaucratic

indifference." (ECF No. 1-3 at PageID 8.) Zapata's claims against Weinrich do not allege a basis upon which relief may be granted.

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Weinrich's actions as to the Charges and Indictment were taken in her traditional role as an advocate for the State. She is therefore immune from suit for those acts. Zapata's claims against her fail to state a claim for relief and must be dismissed for that reason.

### C. **Plaintiff Cannot Challenge The Validity Of The Charges, The Indictment, Or The Related Criminal Proceedings**

A final problem is that Zapata does not seek appropriate relief.

Zapata takes issue with the Charges and Indictment, seems to contend he is being held in the Jail in violation of his rights, and "want[s] this Court to dismiss [and expunge] the [C]harges." (ECF No. 1 at PageID 2 & 4-5.) His requested relief from this Court is unavailable because:

(1) If the prosecution of the Charges is ongoing in state court, this Court cannot intervene in those proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line*

*R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).  Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted).  The Supreme Court has emphasized that:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46.  In this case, Zapata does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.  Any issues concerning the Charges, the Indictment, the schedule for his trial, or the existence of evidence against him (*see* ECF No. 1 at PageID 2 & 4-5) must be addressed in his defense against that criminal proceeding.

   (2) If Zapata has already been convicted, his dispute of the Charges, the Indictment, his conviction, and/or his sentence (*see* ECF No. 1) are challenges to the validity of his continued confinement.  Such challenges are not cognizable under § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983.").  Thus, to the extent that Zapata may be asking this Court to intervene in an ongoing criminal proceeding, the Court cannot do so.  A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 486-87.  The holdings in these cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 79 & 81-82 (2005) (a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either "immediate release from prison" or the "shortening" of his term of confinement) (quoting *Preiser*, 411 U.S. at 482). Zapata has not alleged that any conviction has been invalidated. His claims are thus barred by *Heck*. Success on his claims for damages would necessarily "imply the unlawfulness of the State's custody." *See Wilkinson*, 544 U.S. at 81. Claims challenging the fact, and not conditions, of confinement -- such as Zapata's here -- belong in a habeas petition filed under 28 U.S.C. § 2254, not in a suit under § 1983. If Zapata were to prevail on his complaint (ECF No. 1), his victory would impermissibly call into question his convictions, sentences, and/or continued confinement.

In sum, even if Plaintiff had properly stated a claim against a Defendant, he would not be entitled to the relief he seeks through this lawsuit brought under § 1983.

For all of the foregoing reasons, the complaint must be dismissed in its entirety.

### IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint

would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, leave to amend is not warranted.

**V.     APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Zapata in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Zapata nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Zapata is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

## VI. STRIKE ASSESSMENT

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Zapata, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

## VII. CONCLUSION

In conclusion:

(1) The complaint is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(2) Leave to amend is **DENIED**;

(3) Leave to appeal *in forma pauperis* is **DENIED**; and

(4) Strike assessment pursuant to 28 U.S.C. § 1915(g) **SHALL TAKE EFFECT** when judgment is entered.

The Clerk is directed to prepare a judgment.

**SO ORDERED**, this 8th day of June, 2020.

        *s/John T. Fowlkes, Jr.*
        JOHN T. FOWLKES, JR.
        UNITED STATES DISTRICT JUDGE